*P. W. Hardin, M. A. & D. A. Sachs, for appellee.*

---

C. J. BRONSTON *v.* CATHERINE M. DAVIDSON'S TRUSTEE ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—56.]

**Title by Adverse Possession.**

Where a deed is executed in 1839, and the vendee and the successive vendees have been in possession under it for a period of over forty years, it is too late after such a lapse of time to successfully assert a claim of right under some other claim of title.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 22, 1882.

OPINION BY JUDGE PRYOR:

J. H. Davidson, who is one of the appellees in this case, holds the legal title to a house and lot with its appurtenances situated in the City of Lexington, in trust for his mother for life, with remainder to her children. The appellant Bronston, purchased the property of the trustee, and the latter, for his own protection and to secure the purchaser in the title, filed a petition in equity in the Fayette Circuit Court against Bronston and the life tenant, also all the beneficiaries in remainder, asking the chancellor to approve the sale and to direct a commissioner to convey the title. The appellant, Bronston, resisted the prayer of the petition alleg-

ing a defect in the title and the want of power in the trustee, or the right of the chancellor to approve his acts. The first objection made to the title is, that in the year 1838, the trustees of the Episcopal Theological College held the legal title and that in selling the property all the trustees failed to unite. Whatever defect, if any, in the conveyance by these trustees is now cured by limitation. The deeds were made in the year 1839 and the parties who held under the deeds and their vendors have been in the possession since that time, a period of over 40 years, and there is no pretense that these trustees or the beneficiaries are even setting up any claim and if they did it is too late after such a lapse of time to assert successfully a claim of right under their title. It further appears that in the year 1865, the title to this property had descended or passed to an infant by the name of Brown, and during that year the property was sold and the infant divested of title by a proceeding instituted under Rev. Stat. (1867), Ch. 86, Art. 3. It is claimed that these proceedings were irregular. Conceding this to be so, the proceedings were not void but subject to be reversed if not in accordance with the statute. The sale having been made and confirmed without any objection and the purchaser invested with the title by an order of court he would now hold as against the infant even if the judgment was reversed. The further question presented is, that as some of these beneficiaries were infants (some two or three of them) the trustee and the adult children had no right to sell with the consent of the chancellor without proceeding under the statute regulating the sale of infants' real estate. The fund with which this property was purchased was devised under the will of J. C. Hull. He devised one-half of his estate to his executors in trust for his sister, Kate Davidson, during her life and then to her children, the life tenant holding her interest as separate estate. The husband of the life tenant is dead and his wife, Kate Davidson (the tenant for life), survives him. She has seven children, all of whom are adults but two. All these parties were before the court and the infant defendants represented by their guardian ad litem.

The property devised to Mrs. Davidson for life, remainder to her children, consisted of money and this trust fund passed from one trustee to another by reason of resignation and removal until it reached the hands of the present appellee, J. H. Davidson, who was appointed the trustee and who is also a remainderman. After

he obtained possession of the trust fund it became necessary, in his opinion, to invest $4,000 of the money in a home for his mother and the children, and he did make the investment and obtained a conveyance to himself as trustee for the house and lot. The entire trust fund amounted to $8,284, and the trustee finding the income barely sufficient to support the family, and the property needing repairs, he concluded it was best to sell the property upon an advance made of nearly $2,000 to the appellant Bronston. He did sell to Bronston for $6,000 and this is the sale he is asking the chancellor to approve. He had converted the original trust fund from money into real estate and might well have asked the chancellor to have the trust fund restored in kind by a sale of the property and certainly when it is for the best interests of the infants, with the legal title already in the trustee we see no reason why the chancellor by reason of the inherent power of courts of equity over trust estates had not the right to have the trust estate or trust fund so disposed of, controlled, and managed as would subserve the purposes of the trust and advance the interests of the beneficiaries. The statutory guardian of the infants, if any existed, could have no control of the trust fund during the continuance of the trust, or the right to deprive the trustee of either his title as such or power to control it. It is not a case within the statute regulating the sale of infants' real estate. The judgment is therefore *affirmed*.

*Morton & Parker*, for appellant.

*Breckinridge & Shelby*, for appellees.

[Cited, *Elliott v. Fowler*, 112 Ky. 376, 23 Ky. L. 1676, 65 S. W. 849.]